IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 02-20176
Summary Calendar
_____

JOSEPH PEROT, SR.; MARSHA A. PEROT,

                                        Plaintiffs - Appellants

versus

McDONALD'S CORPORATION; STEWART TITLE
COMPANY,

                                        Defendants - Appellees.
_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
(H-01-CV-3167)
_____
August 19, 2002

Before JOLLY, PARKER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Joseph and Marsha Perot, pro se, appeal the district court's
judgment dismissing their complaint against against McDonald's
Corporation and Stewart Title Company.  The district court held
that it lacked subject matter jurisdiction of the claims against
Stewart Title Company and that the complaint failed to state a
claim upon which relief could be granted against McDonald's
Corporation.

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2. The district court's ruling that it lacked subject matter jurisdiction over the claims against Stewart Title Company was proper because, as is apparent from the face of the complaint, diversity jurisdiction is lacking inasmuch as both the Perots and Stewart Title Company are citizens of Texas. The district court also properly dismissed the Perots' claims against McDonald's Corporation, both because the identical claims were dismissed in a prior action and because the claims are time-barred.

Stewart Title Company's motion for sanctions pursuant to Federal Rule of Appellate Procedure 38 is GRANTED. The Perots' appeal of the dismissal of their claims against Stewart Title Company is utterly frivolous and without merit. They do not even make any attempt to challenge the district court's ruling that it lacked subject matter jurisdiction over those claims, either in their appellate briefs or in their response to the motion for sanctions. Accordingly, we direct the Perots to pay Stewart Title Company sanctions in the amount of $1000 plus double costs. We also warn the Perots that any future abuse of the appellate process in cases filed with this court will surely result in harsher sanctions.

DISMISSED; SANCTIONS IMPOSED; WARNING ISSUED.